Submitted on remand from the Oregon Supreme Court August 23,
judgment in Case No. A115308, reversed and remanded;
judgment in Case No. A115309, affirmed October 4, 2006

STATE OF OREGON,
*Respondent,*

*v.*

GINGER GOLDENEAGLE McCONNELL,
*Appellant.*

0010-38009, 0102-31205; A115308 (Control), A115309
(Cases Consolidated)

144 P3d 1043

David E. Groom, Acting Executive Director, and Shawn
Wiley, Deputy Public Defender, Office of Public Defense
Services, filed the opening brief for appellant. Peter A.
Ozanne, Executive Director, Peter Gartlan, Chief Defender,
and Shawn Wiley, Deputy Public Defender, Office of Public
Defense Services, filed the supplemental brief.

Hardy Myers, Attorney General, Mary H. Williams,
Solicitor General, and Jennifer S. Lloyd, Attorney-In-Charge,
Collateral Remedies and Capital Appeals Unit, for
respondent.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

PER CURIAM

## PER CURIAM

The Oregon Supreme Court has remanded this matter, which we affirmed without opinion, *State v. McConnell*, 196 Or App 241, 102 P3d 150 (2004), *rem'd*, 341 Or 197, 140 P3d 580 (2006), for reconsideration in light of *State v. Cook*, 340 Or 530, 135 P3d 260 (2006). Defendant was convicted, following a jury trial, of unauthorized use of a vehicle, ORS 164.135, possession of a stolen vehicle, ORS 819.300, and theft in the second degree, ORS 164.045.[1] Defendant's sole assignment of error challenges the trial court's admission of certain statements that his unavailable codefendant made in response to police interrogation. On reconsideration, we conclude that the trial court's admission of those statements violated defendant's confrontation right under the Sixth Amendment to the United States Constitution. *See Crawford v. Washington*, 541 US 36, 124 S Ct 1354, 158 L Ed 2d 177 (2004); *Cook*, 340 Or at 542-43. We further determine, after reviewing the entire record, that the trial court's error in that regard was not "harmless beyond a reasonable doubt." *Delaware v. Van Arsdall*, 475 US 673, 681, 106 S Ct 1431, 89 L Ed 2d 674 (1986); *Cook*, 340 Or at 544 (summarizing analysis for determining whether federal constitutional error is harmless).

Judgment in Case No. A115308, reversed and remanded; judgment in Case No. A115309, affirmed.

---

[1] Those convictions were entered in Multnomah County case 0010-38009. In this consolidated appeal, defendant also appeals the judgment in Multnomah County case 0102-31205. Defendant, however, does not assign error to any ruling in that case.